## Gerasimowicz v Aslanis

2024 NY Slip Op 30384(U)

February 1, 2024

Supreme Court, New York County

Docket Number: Index No. 654322/2013

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

WALTER V GERASIMOWICZ,

Plaintiff,

- v -

PANTELIS ASLANIS, GEORGIA PANOS ASLANIS,
PANAYIOTTA DOUMAZIOS, RITA GIAMPILIS, SPIRO
KITOVAS, ANDREAS SAVVIDES, GEORGE NIKOLOS,
GEORGE DELIS, GEORGE RODAS, CONSTANTINE
MEGARIS, AB CAPITAL CORP., ASTORIA FEDERAL
SAVINGS BANK, DA CONTRACTING, TRIDENT
CONSTRUCTION CORP., TPG CONTRACTING CORP.,
TPG ELECTRIC CORP., FIRST CENTRAL ELECTRIC
CO. INC., THE SITRIX FUND, RODEL ELECTRICAL
CONTRACTORS, INC., BARE CONTRACTING, INC., and
MEGARIS ELECTRICAL CONTRACTING CORP.

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654322/2013 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234

were read on this motion to/for                          PRECLUDE                          .

Upon the foregoing documents, it is

For the reasons stated on the record on January 23, 2024, defendants' motion

sequence number 008 is granted.

CPLR 3101(a) provides "there shall be full disclosure of all evidence material and

necessary in the prosecution or defense of an action." "This statute embodies the policy

determination that liberal discovery encourages fair and effective resolution of disputes

on the merits, minimizing the possibility for ambush and unfair surprise." (*Spectrum*

*Sys. Intern. Corp. v Chem. Bank*, 78 NY2d 371, 376 [1991] [citation omitted].)  The

Commercial Division Rules and Part 48's procedures implement this philosophy.  (22

**654322/2013   GERASIMOWICZ, WALTER V vs. ASLANIS, PANTELIS**
**Motion No.  008**

**Page 1 of 4**

NYCRR § 202.37 [Scheduling Witnesses]; Commercial Division Rule 32; Part 48 Trial Procedures Rule 3.)

This matter is going to trial with a jury from June 17 to 28, 2024.

Plaintiff is barred from calling seven witnesses -- defendants' employees or former employees (NYSCEF 234, Newman aff ¶15) – because he failed to disclose the names of those witnesses during discovery in this 2013 case when he was specifically and repeatedly asked to identify witnesses. (NYSCEF 66, December 19, 2018 Notice for Discovery and Inspection ¶6[1]; *see also* NYSCEF 67, December 19, 2018 Interrogatories.) Plaintiff's invitation to defendants to take the depositions of the seven undisclosed witnesses is rejected as the court will not reward plaintiff's serial failure to comply with discovery orders. (NYSCEF 58, Supplemental Decision and Order [mot. seq. 002] [granting counsel's request to be relieved as counsel to plaintiff and counsel directed to turnover box of documents to plaintiff]; NYSCEF 59, August 14, 2018[2] PC [demands to be served by October 9, 2018 and responses by December 4, 2018; depositions by February 28, 2019; plaintiff referred to City Bar Legal Referral Service to engage an attorney];[3] NYSCEF 74, March 7, 2019[4] Order [directing plaintiff to file motion for order directing prior counsel to turn over 26 boxes of documents and directing plaintiff to respond to defendants' demands]; NYSCEF 75, June 5, 2019[5]

---

[1] "Identify all individuals or witnesses whom you believe have personal knowledge of the actions, events and circumstances described in the Complaint, and provide their full name, address and telephone numbers, along with a summary of what facts and knowledge you believe they have."

[2] August 14, 2018 preliminary conference held.

[3] November 30, 2018 conference held.

[4] March 7, 2019 conference held.

[5] June 5, 2019 conference held.

**654322/2013 GERASIMOWICZ, WALTER V vs. ASLANIS, PANTELIS**
**Motion No. 008**

Page 2 of 4

Order [plaintiff failed to comply with March 7, 2019 order]; NYSCEF 77, August 13, 2019[6] Order [case dismissed unless plaintiff appears for deposition];[7] NYSCEF 78, October 7, 2019[8] Order [plaintiff failed to comply with court order and failed to appear for conference; defendants directed to move for dismissal]; NYSCEF 146, October 29, 2020 Decision and Order [mot seq no 005] [denying defendants' motion to dismiss for failure to comply with discovery as long as plaintiff complies with the schedule in the order]; NYSCEF 151, November 12, 2020 Order [explaining why plaintiff waived his right to discovery];[9] NYSCEF 193, July 26, 2021 Decision and Order [mot seq no 006] [denial of sanctions; new discovery set with note of issue deadline];  NYSCEF 197, August 10, 2022 Order [all depositions not completed are waived and directing plaintiff to file the note of issue again].)[10]  There must be consequences for such flagrant disregard for court orders.  Plaintiff's excuse that he just learned of these witnesses while he was preparing for trial is concerning to the court since plaintiff has the burden of proof: How did plaintiff intend to prove his case?  (*Daniels v NY City Tr. Auth.*, 171 AD3d 601, 602-603 [1st Dept 2019] [precluding two witnesses proper where defendant "fail[ed] to provide a reasonable explanation for its failure to disclose two of the witnesses earlier in response to discovery demands".])

---

[6] August 13, 2019 conference held where plaintiff's new counsel appeared.
[7] On September 1, 2019, plaintiff served partial responses.  (NYSCEF 213, Robert L. Camaj, Esq., attorney for Delis and Rodel defendants.)
[8] October 8, 2019 conference held.  No appearance by plaintiff or his attorney.
[9] Plaintiff's counsel served a Jackson affidavit dated November 16, 2020.  (NYSCEF 150.)  March 15, 2021 conference held.
[10] Conferences were also held on August 15, 2022, May 4, 2023 and June 6, 2023.

**654322/2013   GERASIMOWICZ, WALTER V vs. ASLANIS, PANTELIS**                         **Page 3 of 4**
**Motion No.  008**

3 of 4

[* 3]

On August 15, 2022, plaintiff filed a note of issue and certificate of readiness even though his deposition was not complete; two defendants were scheduled to take his deposition, but that never occurred. (NYSCEF 198, Note of Issue.) Accordingly, they have until February 29, 2024 to complete plaintiff's deposition without repeating any questions already asked.

Plaintiff objects to defendants' motion because the CPLR does not require him to disclose witnesses. The parties were required by Part 48 Trial Procedure 3A[11] to disclose their witnesses at the court's trial scheduling conference on June 6, 2023. (*See also* 22 NYCRR § 202.37 [Scheduling Witnesses]; Commercial Division Rule 32.)

At argument on this motion, the court directed defendants to comply with Rule 3A which they did. (NYSCEF 235, 236, and 237.)

Accordingly, it is

ORDERED that defendants' motion is granted.

202A0201192412AMASLEY0F9AB7BE688842D19DABD9576507179E

_____
2/1/2024
**DATE**

_____
**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

_____

[11] "The parties shall send a schedule of witnesses, identifying all witnesses, their addresses, how long each witness is projected to testify, on direct, cross-examination, and re-direct, to the court pursuant to Part Procedure 2 (A), 24 hours prior to the Trial Scheduling Conference, otherwise the Trial Scheduling Conference will be cancelled."

**654322/2013   GERASIMOWICZ, WALTER V vs. ASLANIS, PANTELIS**
Motion No.  008

Page 4 of 4

[* 4]